**Anita B. BRODY, Plaintiff-Appellant,**

v.

**CHEMICAL BANK et al., Defendants-Appellees,**

**and**

**Pennsylvania Company, Defendant.**

**No. 812, Docket 72–2047.**

United States Court of Appeals, Second Circuit.

Argued June 4, 1973.

Decided July 3, 1973.

Benedict Wolf, New York City (Wolf, Popper, Ross, Wolf & Jones, and Lester L. Levy, New York City, on the brief), for plaintiff-appellant.

Ralph L. McAfee, New York City (Cravath, Swaine & Moore, New York City, and Richard S. Simmons, Andrew P. Tashman and Lawrence R. Samuels, New York City, of counsel; Pepper, Hamilton & Scheetz, Philadelphia, Pa., of counsel for The Fidelity Bank), for defendants-appellees Chemical Bank and The Fidelity Bank.

Simpson, Thacher & Bartlett, New York City (Horace J. McAfee, Roy L. Reardon and Edward C. Mendrzycki, New York City, of counsel), for defendant-appellee Manufacturers Hanover Trust Co.

Winthrop, Stimson, Putnam & Roberts, New York City (Stephen A. Weiner, New York City, of counsel), for defendant-appellee Irving Trust Co.

Milbank, Tweed, Hadley & McCloy, New York City (Andrew J. Connick, Briscoe R. Smith and Norman R. Nelson, New York City, of counsel; Drinker, Biddle & Reath, Philadelphia, Pa., of counsel for Girard Trust Bank), for defendants-appellees Chase Manhattan Bank, N.A. and Girard Trust Bank.

Tobin, Decof, LeRoy & Silverstein, New York City (John V. Downey, New York City, of counsel), for defendant-appellee Bank of Montreal.

Before HAYS, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Southern District of New York, Hon. Lee P. Gagliardi, entered on August 3, 1972, dismissing finally an amended complaint. The complaint by a preferred stockholder of the Pennsylvania Company (Pennco) was brought derivatively on behalf of Pennco and representatively on behalf of all other Pennco stockholders similarly situated. Plaintiff alleges that the defendants Chemical Bank, Manufacturers Hanover Trust Company, Irving Trust Company, Chase Manhattan Bank, N.A., Bank of Montreal, Girard Trust Bank, and the Fidelity Bank (Banks) were unwilling to lend money to the Penn Central Transportation Company (Railroad) because of its weak financial condition. It is further alleged that the Banks conspired with the Railroad which held all of Pennco's outstanding common stock, to cause Pennco to enter into an arrangement whereby Pennco borrowed $50,000,000 from the Banks in return for the note of the solvent Pennco. The funds were then turned over to the Railroad in return for the Railroad's notes to Pennco which were or soon would be, to the knowledge of the Banks, practically worthless. The complaint states that the Pennco loan was made in May 1970 when the Banks had already refused to make a loan to the Railroad in view of its staggering losses in 1969 and the first quarter of 1970. On June 20, 1970 the Railroad filed a petition under § 77 of the Federal Bankruptcy Act. The plaintiff urges that the transfer of the $50,000,000 in this fashion constituted common law fraud as well as a violation of § 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)).

The defendants moved to dismiss the representative counts for failure to state a cause of action. The dismissal of the representative action by the court below was based on a finding that the injury here was not uniquely to the preferred stockholders of Pennco but to the corporation which has the remedy of either a direct action or a derivative suit brought on its behalf. We affirm the dismissal of these counts on the opinion below (Brody v. Chemical Bank, Docket No. 71 Civ. 2639, at 10–14 (S.D. N.Y. July 26, 1972)).

The motion for dismissal of the derivative counts was bottomed upon the argument that the complaint violated

Fed.R.Civ.P. 23.1 which requires in pertinent part:

> The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort.

The plaintiff admittedly did not make a demand on the board of directors of Pennco nor its common stockholder before commencing the action. The plaintiff instead simply pleaded:

> Plaintiff has made no demand on the Board of Directors of Pennco to take action with regard to the wrongs herein described because all of said directors are designees of Railroad which, through its ownership of all of Pennco's common stock, has been able to designate and select said directors. Railroad, by said stock ownership, controls Pennco and said directors. Thus, to make demand upon said directors would be to request that they sue the company that has chosen them and that controls them. By reason of the foregoing, any demand upon said Board of Directors to redress or prevent the wrongs herein described would have been futile.

■■■■ Inasmuch as four trustees have been appointed for the bankrupt Railroad and since they in turn have selected a new board of four directors for Pennco, we cannot disagree with the court below that the allegations of the complaint are insufficient to excuse plaintiff's failure to make a demand on the Pennco board. Plaintiff then sought discovery to establish that there was an interrelationship between the new Pennco board and the pre-bankruptcy management of the Railroad. The court below held that even arguendo such link did exist, a demand upon the common stockholder was necessary in any event, and there was no showing that such a demand would be futile since the Railroad trustees were court appointed and not implicated in the transaction which is the basis for the complaint herein. However, it is settled that the federal courts will look to the state law in such cases to determine whether a demand on stockholders is necessary. Gottesman v. General Motors Corp., 268 F.2d 194, 197 (2d Cir. 1959); Dopp v. American Elec. Labs, Inc., 55 F.R.D. 151, 155 n. 10 (S.D.N.Y.1972). Pennco is a Delaware corporation and the leading Delaware case in point, Mayer v. Adams, 37 Del. Ch. 298, 141 A.2d 458 (Sup.Ct.Del.1958), holds that a shareholder demand is unnecessary where the wrongs complained of (fraud) are beyond the power of ratification by a majority of the stockholders. While the Delaware point of law was not raised below, there is no reason why this court should not consider it here. American Sur. Co. v. Coblentz, 381 F.2d 185, 189 n. 5 (5th Cir. 1967); Bartlett-Collins Co. v. Surinam Navigation Co., 381 F.2d 546, 550 (10th Cir. 1967). In view of the gravity of the alleged wrongdoing we cannot agree with the final dismissal and therefore remand. The plaintiff then may either make a demand on the directors or not, as she chooses. In any event, the repleading must comply with Rule 23.1. See In re Kauffman Mutual Fund, 479 F.2d 257 (1st Cir. 1973); 7A Wright & Miller, Federal Practice and Procedure: Civil § 1832, at 392 (1972). After pleading in compliance with Rule 23.1 the question of whether or not discovery should be permitted rests in the discretion of the trial court (see Fifth Ave. Peace Parade Comm. v. Gray, 480 F.2d 326 (2d Cir. 1973)), which did not reach this issue since it proceeded on the erroneous theory that in any event stockholder demand was necessary.

Affirmed in part and remanded.