**Anita B. BRODY, Plaintiff,**

v.

**CHEMICAL BANK et al., Defendants.**

**No. 71 Civ. 2639.**

United States District Court,
S. D. New York.

Dec. 5, 1974.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff, Anita B. Brody; Benedict Wolf, and David M. Disick, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendants Chemical Bank and The Fidelity Bank; Richard S. Simmons, Ralph L. McAfee, Richard M. Sharfman, and Andrew P. Tashman, New York City, of counsel; Pepper, Hamilton & Scheetz, Philadelphia, Pa., of counsel for The Fidelity Bank.

Simpson, Thacher & Bartlett, New York City, for defendant Manufacturers Hanover Trust Co.; Horace J. McAfee, Roy L. Reardon, and Edward C. Mendrzycki, New York City, of counsel.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant Irving Trust Co.; Stephen A. Weiner, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendants Chase Manhattan Bank, N. A. and Girard Trust Bank; Andrew J. Connick, Briscoe R. Smith, and Norman R. Nelson, New York City, of counsel; Drinker, Biddle & Reath, Philadelphia, Pa., of counsel for Girard Trust Bank.

Lunney, Downey & Crocco, New York City, for defendant Bank of Montreal; John V. Downey, and Charles A. Crocco, Jr., New York City, of counsel.

## OPINION

GAGLIARDI, District Judge.

On remand from the Court of Appeals, defendants move to dismiss the second amended complaint upon the ground that it fails to comply with the requirements of Rule 23.1, Fed.R.Civ.P.

Plaintiff commenced this action on June 14, 1971 both derivatively, on behalf of the Pennsylvania Company ("Pennco"), and representatively, on behalf of herself and all similarly situated shareholders of Pennco, to invalidate a $50,000,000 loan by Pennco to Penn Central Transportation Company ("Railroad") and loans in a like amount by defendant banks to Pennco. The defendant banks moved to dismiss the derivative counts of the complaint, as amended on July 30, 1971, for failure to comply with the pleading requirements of Rule 23.1 [1] and to dismiss the representative counts of the amended complaint for failure to state a claim and on other grounds.

On July 26, 1972, this court granted defendants' motion to dismiss the complaint. The derivative claims were dismissed on the ground that the conclusory allegations in the amended complaint were insufficient to excuse plaintiff's failure to make a demand upon Pennco's directors, and that allegations contained in affidavits and other papers filed by plaintiff failed to establish that a demand upon Pennco's sole common shareholder, Railroad's reorganization trustees, would be futile. The representative claims were dismissed on the ground that the purported claims properly belonged to Pennco and not its shareholders.

On July 3, 1973, the Court of Appeals affirmed the dismissal of the representative counts. Brody v. Chemical Bank, 482 F.2d 1111 (2d Cir. 1973) (per curiam). As to the derivative counts the Court of Appeals concluded that "[i]n view of the gravity of the alleged wrongdoing we cannot agree with the fi-

---

1. Rule 23.1 provides in pertinent part:
   The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort.

nal dismissal and therefore remand." *Id.* at 1114. In so doing, the Court affirmed the determination of this court that the allegations of the amended complaint did not excuse plaintiff's failure to make a demand on Pennco's board under Rule 23.1:

> Inasmuch as four trustees have been appointed for the bankrupt Railroad and since they in turn have selected a new board of four directors for Pennco, we cannot disagree with the court below that the allegations of the complaint are insufficient to excuse plaintiff's failure to make a demand on the Pennco board.

*Id.* The Court went on to note, as did this court, (Brody v. Chemical Bank Docket No. 71 Civ. 2639, at 8 (S.D.N.Y. July 26, 1972)), that plaintiff had requested additional discovery to establish that there was an interrelationship between the new Pennco board and the pre-bankruptcy management of the Railroad. The issues raised by this request were not reached inasmuch as this court found that plaintiff had failed to establish that a required demand on the shareholders would be futile. On the basis of an argument raised by plaintiff for the first time on appeal, the Court of Appeals held that under the law of Delaware no demand on the shareholders was required. The Court remanded the case, stating:

> The plaintiff then may either make a demand on the directors or not, as she chooses. In any event, the repleading must comply with Rule 23.1.

*Supra,* 482 F.2d at 1114.

Plaintiff again chose not to make a demand on Pennco's directors and served a second amended complaint on January 9, 1974. In paragraph 26 of this complaint, plaintiff sets forth facts supporting the allegation that a demand on the directors of Pennco at the time the action was originally commenced would have been futile.

■ The *demand requirement of Rule 23.1* recognizes the equitable principle that the shareholder's derivative suit is an extraordinary action that may only be maintained where it is clear that the board of directors, which is the real party in interest and has the primary responsibility for taking action in the name of the corporation, has wrongfully declined to act. *See* 7A Wright & Miller, Federal Practice and Procedure, Civil § 1831 at 374 (1972). Thus, the courts have long required that the plaintiff in a derivative action "show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes." Hawes v. Oakland, 104 U.S. 450, 460–61, 26 L.Ed. 827 (1881). *See* In re Kauffman Mutual Fund, 479 F.2d 257, 263 (1st Cir. 1973).

■ The allegations contained in paragraph 26 of the second amended complaint purport to establish that a demand on the Pennco board, as constituted at the time of the commencement of the action, would have been futile. In view of the fact that the Court of Appeals, in remanding, expressly afforded the plaintiff another opportunity to make a demand, the allegations of paragraph 26 are misplaced. The facts pleaded by plaintiff to excuse demand should have related to and supported an allegation of futility of making a demand on the board of directors of Pennco as constituted on the date of the filing of the second amended complaint, January 9, 1974.[2]

■ Because plaintiff's amended allegations relate to the Pennco board as constituted at the time of the commencement of the action, they are clearly insufficient to statisfy the requirements

---

2. At the time of the commencement of the action, June 14, 1971, the Pennco board consisted of four directors. It appears that on March 17, 1972, four additional directors were added to the board. The present composition of the board is not known to the court.

of Rule 23.1 in this case. The defendants' motion to dismiss the second amended complaint is therefore granted. However, plaintiff is given 20 days within which to either make a demand on the directors or replead.

So ordered.