Anita B. BRODY, Plaintiff-Appellant,

v.

CHEMICAL BANK et al.,
Defendants-Appellees,

and

Pennsylvania Company, Defendant.

Nos. 956, 957, Dockets 75–7049, 75–7158.

United States Court of Appeals,
Second Circuit.

Argued May 19, 1975.

Decided June 9, 1975.

Benedict Wolf, New York City (Wolf, Popper, Ross, Wolf & Jones, New York City, Lester L. Levy, New York City, of counsel), for plaintiff-appellant.

Ralph L. McAfee, New York City (Cravath, Swaine & Moore, New York City, Richard S. Simmons, Andrew P.

Tashman, Lawrence R. Samuels, Robert M. Sondak, New York City, of counsel), for defendants-appellees Chemical Bank and The Fidelity Bank.

Pepper, Hamilton & Scheetz, Philadelphia, Pa., of counsel, for The Fidelity Bank.

Simpson, Thacher & Bartlett, New York City, Horace J. McAfee, New York City, of counsel, for Manufacturers Hanover Trust Co.

Winthrop, Stimson, Putnam & Roberts, New York City, Stephen A. Weiner, New York City, of counsel, for Irving Trust Co.

Milbank, Tweed, Hadley & McCloy, New York City, Andrew J. Connick, Norman R. Nelson, New York City, of counsel, for Chase Manhattan Bank, N. A., and Girard Trust Bank.

Drinker, Biddle & Reath, Philadelphia, Pa., of counsel, for Girard Trust Bank.

Brady, Tarpey, Downey, Hoey, New York City, John V. Downey, New York City, of counsel, for Bank of Montreal.

Before MULLIGAN, TIMBERS and GURFEIN, *Circuit Judges.*

PER CURIAM:

This case is before us again on an appeal from the granting of a second motion to dismiss the complaint for failure to comply with Fed.R.Civ.P. 23.1.

The underlying facts are set out in part in our earlier opinion, 482 F.2d 1111 (2d Cir.), cert. denied, 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973). Briefly, plaintiff, a holder of preferred stock of the Pennsylvania Company ("Pennco"), commenced this action on June 14, 1971, both derivatively on behalf of Pennco, and representatively on behalf of herself and all similarly situated Pennco shareholders, to invalidate a multi-million dollar loan by Pennco to the Penn Central railroad. Plaintiff claims that this transaction constitutes fraud at common law and under the federal securities acts.

Both the representative and the derivative counts in plaintiff's first amended complaint were dismissed on motion by Judge Lee P. Gagliardi in a judgment entered on August 3, 1972.[1] The latter counts were found not to have complied with Fed.R.Civ.P. 23.1, which requires in pertinent part:

> The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort.

In the first amended complaint plaintiff admitted making no demand on the Pennco board of directors, but rather alleged in effect that such a demand would be futile "because all of said directors are designees of Railroad which, through its ownership of all of Pennco's common stock, has been able to designate and select said directors. . . . Thus, to make demand upon said directors would be to request that they sue the company that has chosen them and that controls them. By reason of the foregoing, any demand upon said Board of Directors to redress or prevent the wrongs herein described would have been futile."

This court remanded the dismissal of the derivative counts for the following reasons:

> Inasmuch as four trustees have been appointed for the bankrupt Railroad and since they in turn have selected a new board of four directors for Pennco, we cannot disagree with the court below that the allegations of the complaint are insufficient to excuse plaintiff's failure to make a demand on the Pennco board. . . . [But] [i]n view of the gravity of the alleged

---

1. The dismissal, for failure to state a cause of action, of the representative counts, which do not concern us here, was affirmed by this court, 2 Cir., 482 F.2d 1111, 1113, and certiorari was denied on this point by the Supreme Court, 414 U.S. 1104, 94 S.Ct. 737, 38 L.Ed.2d 559 (1973).

wrongdoing we cannot agree with the final dismissal and therefore remand. The plaintiff then may either make a demand on the directors or not, as she chooses. In any event, the repleading must comply with Rule 23.1 (citations omitted).

482 F.2d at 1114.

In the district court, plaintiff again chose not to make a demand on any Pennco directors, but rather filed a second amended complaint on January 9, 1974, which set forth in detail facts that would establish that a demand on the directors *in office at the time the action was originally commenced* would have been futile. Judge Gagliardi, by order dated December 5, 1974, again dismissed the complaint for failure to comply with Rule 23.1, because he held that "[T]he facts pleaded by plaintiff to excuse demand should have related to and supported an allegation of futility of making a demand on the board of directors of Pennco *as constituted on the date of the filing of the second amended complaint,* January 9, 1974" (emphasis added). Judge Gagliardi also provided the plaintiff a twenty-day period[2] before the dismissal would take effect either to make a demand on the new board or to replead. Plaintiff did neither but instead chose to initiate the instant appeal.

■ The very purpose of the "demand" rule is to give the derivative corporation itself the opportunity to take over a suit which was brought on its behalf in the first place, and thus to allow the directors the chance to occupy their normal status as conductors of the corporation's affairs. *In re Kauffman Mutual Fund Actions,* 479 F.2d 257, 263 (1st Cir.), cert. denied, 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 107 (1973). It is manifest that this purpose could not be served by making (or excusing) a demand on the 1971 directors who were out of office in 1974 when the second complaint was filed. See *Lerman v. ITB Management Corp.,* 58 F.R.D. 153, 159 (D.Mass.1973); *Johnson v. Arthur Espey, Shearson, Hammill & Co.,* 341 F.Supp. 764, 767 (S.D.N.Y.1972). See also 3B J. Moore, Federal Practice ¶ 23.1.19, at 23.-1–252–53 (2d ed. 1974) ("From the particular facts alleged [in the complaint], it must appear that a new board of directors has not been installed. . . . [A] shareholder's suit is to be resorted to as a last alternative, and . . . the corporation is given every possibility to sue in its own name."); 7A C. Wright and A. Miller, Federal Practice and Procedure § 1831, at 377–78 (1972) ("[I]f a substantial period has transpired between the demand and institution of the action, the court may insist on a second demand or proof that the directors or the nature of the claim have not changed.") (footnote omitted).

■ This court's previous opinion expressly noted that the composition of the Pennco board had changed since the institution of the suit, and thus plaintiff should have been alerted as to the proper board for all future Rule 23.1 purposes. We therefore conclude that the district judge was correct in holding that a demand should have been made on the new directors.

The order below is affirmed.

---

**2.** Later extended to January 9, 1975.