Ellen **STENSON, Individually and on behalf of all other persons similarly situated, Plaintiff,**

v.

Barbara **BLUM, Individually and in her capacity as Commissioner of the New York State Department of Social Services; Stanley Brezenoff, Individually and in his capacity as Commissioner of the New York City Department of Social Services; and Patricia Harris, Individually and in her capacity as Secretary of Health, Education and Welfare of the United States, Defendants.**

No. 78 Civ. 6044 (RWS).

United States District Court,
S. D. New York.

March 26, 1981.

The Legal Aid Society Civil Division, Civil Appeals & Law Reform Unit, New York City, for plaintiff; Kalman Finkel, Attorney in Charge, Civil Division, John E. Kirklin, Director of Litigation, Arthur J. Fried, Civil Appeals & Law Reform Unit, New York City, Joan Mangones, Attorney in Charge, Ann Moynihan, Staten Island, N. Y., Paula Galowitz, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for defendants; Marion Buchbinder, Asst. Atty. Gen., New York City, of counsel.

## OPINION

SWEET, District Judge.

In this, the final installment in this difficult litigation, attorneys for the plaintiff class seek an award of $118,968 as payment for their services in connection with their conduct of this action. The motion is granted.

The factual background of, and legal issues raised by, this civil rights action are largely set forth in a prior opinion of this court, *Stenson v. Blum*, 476 F.Supp. 1331 (S.D.N.Y.1979), *aff'd*, 628 F.2d 1345, *cert. denied*, —— U.S. ——, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980), and will not be detailed here. Briefly, the case involved a challenge to termination procedures utilized for certain recipients of Medicaid. The plaintiff class prevailed in its claims against the State defendants, and secured class-wide relief guaranteeing certain due process rights to Medicaid recipients. The legal issues involved were both novel and complex, involving a complicated interaction between state and federal law and a contract between the state and federal governments. By prior opinion, *id.*, the named plaintiff prevailed in her motion for class certification and in her prayer for injunctive relief against the State of New York. In addition, I awarded plaintiff reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

*Id.* at 1343. The instant motion seeks to establish the amount of the fees to which attorneys for the plaintiff class are entitled.

Throughout this litigation, the plaintiff class was represented by The Legal Aid Society ("Legal Aid"), through its staff attorneys Arthur J. Fried ("Fried"), Ann Moynihan ("Moynihan"), and Paula Galowitz ("Galowitz"). Fried is a 1975 graduate of Cornell Law School with extensive experience in litigation involving government benefits. He has been an attorney with Legal Aid for over three years. Before then, he was a law clerk in this district for two years. Moynihan is a 1977 graduate of New York University Law School, who has also worked as a Legal Aid attorney for well over three years. Galowitz received her J.D. degree from Brooklyn Law School in 1976. She, too, has been with Legal Aid for more than three years. Like Fried, Moynihan and Galowitz have considerable experience in litigation involving government benefits and the legal rights of the indigent.

Fried, Moynihan and Galowitz request for $118,968 in fees is based on a detailed recitation of the hours each expended on this litigation and the tasks they performed. They have submitted a summary breakdown of the fees sought, as follows:

| Attorney | Hours | Rate | Lodestar | Incentive Award | Total |
|----------|-------|------|----------|-----------------|-------|
| Ann Moynihan | 487 hrs.50 min. | $95/hr. | $46,343 | $23,172 | $69,515 |
| Paula Galowitz | 166 hrs.15 min. | $100/hr. | 16,625 | 8,312 | 24,937 |
| Arthur Fried | 115 hrs 40 min | $105/hr. | 16,344 | 8,172 | 24,516 |
| | | | | | 118,968 |

The defendant does not contest plaintiff's entitlement to fees. However, she does object to the specific fee request made, claiming, first, that the rates sought are exorbitant, second, that plaintiff's counsel failed to differentiate between time spent on issues involving the state defendant and those involving the federal and city defendants, third, that the claim unjustifiably asks reimbursement for time spent on issues on which plaintiff did not prevail, fourth, that the hours spent were excessive, fifth, that plaintiff's request is inflated by duplication of attorneys' labor, and, finally, that plaintiff should not be awarded a bonus.

This Circuit utilizes a two-step process in the calculation of attorney's fees. First, the number of hours expended by

each attorney involved in the case is multiplied by the hourly rate normally charged for similar work by attorneys of like skill in the area, to obtain a "lodestar" figure. Second, the lodestar figure may be adjusted upward or downward to reflect factors such as the risk and complexity of the litigation and the quality of the representation. *See Cohen v. West Haven Board of Police Commissioners*, 638 F.2d 496 (2d Cir. 1980); *City of Detroit v. Grinell Corp.*, 495 F.2d 448, 470–71 (2d Cir. 1974). This process is applied to the calculation of attorneys' fees in actions under the civil rights statutes just as it is applied to other types of actions, *see Cohen, supra*, at 505, n.15; *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34 (2d Cir. 1978), and to awards to legal services associations just as to awards to private counsel, *id.*; *Torres v. Sachs*, 538 F.2d 10 (2d Cir. 1976); *Becker v. Blum*, 487 F.Supp. 873 (S.D.N.Y.1980). Before applying this formula to the fee application before me, I will address defendants' objections to it.

■ Defendants first objection is that the rates sought are exorbitant. I disagree. The rate used in calculation of the lodestar amount depends, as stated above, on two factors: the rate charged for (1) similar work by (2) attorneys of like skill in the area. The rates requested here are consonant with fee awards in cases of similar complexity and difficulty. *See, e. g., Population Services International v. Carey*, 476 F.Supp. 4 (S.D.N.Y.1979) (in action challenging, state statute governing distribution of contraceptives on constitutional grounds, fees ranging from $60 per hour for associates to $120 per hour for partners found reasonable); *City of New York v. Darling-Delaware*, 440 F.Supp. 1132 (S.D.N.Y.1977) (in antitrust case, hourly rates of $150–$175 termed reasonable). Furthermore, they are fair in view of these attorneys experience and expertise, *see Becker v. Blum, supra*, (fees of $75 for attorneys with fewer than two years experience since bar admission and $90 for those admitted more than two years termed an "understatement.") The quality of work performed by counsel throughout this case was high. In view of all of these considerations, I do not find the requested rates, from $95 per hour to $105 per hour, excessive. Nor do I deem it necessary to vary the hourly rate awarded with the nature of the service performed, as defendant would have me do. *See Cohen v. West Haven Board of Police Commissioners, supra*, (decision whether to vary rate within trial court's discretion); *Blank v. Talley*, 390 F.Supp. 1 (S.D.N.Y. 1975) (average rates applied to all types of services).

■ Defendant's second objection, to counsel's failure to differentiate time spent on issues involving the three defendants, is also without merit. Although plaintiff's fee request initially encompassed time spent on issues involving only the city defendants, it has been modified to exclude hours spent on those issues. Insofar as the request fails to differentiate between time spent on issues involving the federal and state defendants, I find that failure no bar to full compensation here. The legal issues involving the federal and state defendants were intermingled in such a fashion in this case that such differentiation would not be possible, and, indeed, would not accurately reflect time spent on issues of importance to the claims against the state. The federal issues were bound up with the state claims in such a way that it is fair to base an award against the state on hours devoted to both. *See generally Stenson v. Blum, supra.*

■ Defendants' third objection is that plaintiffs' ask reimbursement for time spent on issues on which plaintiff did not prevail. Defendants cite, in particular, time spent on contempt motions which were not granted and intervenor motions which were denied. This objection, too, is without merit, for several reasons. First, although the intervenor motions were denied, they were denied because plaintiff succeeded on a motion for certification of a class in which the proposed intervenors were included, thus rendering intervention unnecessary. *See id.* Although in a technical sense plaintiff may be said not to have prevailed on those motions, in practical terms they were

successful in achieving the desired result. Second, the first of the two contempt motions, brought to secure compliance with this court's decree, was denied only after compliance was already achieved. That success was due in part to the filing of the contempt motion itself. Again, to term this result a failure to "prevail" would be to ignore reality. The second contempt motion also sought to secure compliance with this court's decree and was denied not because it was without merit, but because the defendant had moved for a stay pending a determination of her petition for a writ of *certiorari*. To deny attorneys' fees for the filing of this motion, which cannot be said to have been unjustifiably brought, would not comport with the statutory goal of encouraging civil rights actions. Fee awards are appropriate for time spent on efforts to secure compliance with court decrees, no less than for time spent securing those decrees. *See Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 637 (6th Cir.) *cert. denied*, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980); *Miller v. Carson*, 628 F.2d 346, 348 (5th Cir. 1980) (fees granted for post-judgment motions, including motion for contempt, which "although never ripening into courtroom activity," had effect of securing compliance with injunction.)

Moreover, I would deem it appropriate to grant fees for the time spent on issues on which the plaintiff did not formally prevail even if the considerations just discussed were not present. The requirement that the party requesting fees have "prevailed" has been interpreted to mean prevail on the case as a whole. *See Northcross, supra.* In *Northcross* the circuit court rejected the approach of the court below, which had declined to award fees for those issues on which plaintiff had not prevailed, saying that once it is determined that plaintiffs prevailed on the action as a whole, they are entitled to attorneys' fees for all time reasonably spent on the matter. That approach supports the award of fees for time spent on the contempt and intervenor motions here, even if those motions are deemed unsuccessful. *See also Seigal v.*

*Merrick*, 619 F.2d 160, 164–65 (2d Cir. 1980); *Brown v. Bathke*, 588 F.2d 634 (8th Cir. 1978). *Cf. Gagne v. Maher*, 594 F.2d 336, *aff'd*, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) (fee award under § 1988 appropriate even though constitutional issue not reached). *But see Nadeau v. Holgemoe*, 581 F.2d 275 (1st Cir. 1978) (fees awarded only for hours spent on issues on which plaintiff prevailed).

■ The fourth objection raised is that the hours spent were excessive. Again, I disagree. As stated above, the issues presented were complex, and the proceedings fully warranted the hours devoted to them.

■ I also reject defendants' contention that the attorneys' efforts were duplicative. I am satisfied by the affidavits submitted by plaintiffs' counsel that the work performed outside of the courtroom was divided in such a way as to avoid duplication. Furthermore, I reject defendants' contention that plaintiffs' attorneys unjustifiably appeared as a team in court and at conferences. This Circuit recently expressed its reluctance to deprive counsel of assistance during such conferences and court appearances. *See Siegal v. Merrick, supra. See also Willoughby v. New York City Housing Authority*, 84 F.R.D. 106 (1980). This court, like the court in *Willoughby*, respects counsel's decision regarding staffing of appearances, and will not reject that portion of the fee application which reflects those appearances.

■ Finally, defendants contest plaintiffs' application for a bonus, or incentive award, above the lodestar amount. The main ground of the objection is that the award will be paid from the public fisc. However, the law in this Circuit is clear that attorneys' fees are to be calculated in the same manner regardless of whether the defendant is a private or a public entity. *See Torres v. Sachs, supra; Population Services International v. Carey, supra*, at 9 n.5. Therefore, if a bonus is otherwise appropriate here, it should not be withheld because the award is to be paid from public funds.

I now turn to the calculation of fees. I have already decided that both the rate of payment requested and the hours expended by plaintiffs' counsel are reasonable. Therefore, the lodestar figure is that which they propose: $79,312.

On the facts of this case, I deem an upward adjustment of the lodestar amount appropriate. The quality of representation was high. The litigation was complex. The issues presented were novel, and the undertaking therefore risky. Finally, the outcome was of great benefit to a large class of needy people. All of these factors render an incentive award appropriate. *See Cohen v. West Haven Board of Police Commissioners, supra* (factors include risk, complexity, and quality of representation); *Population Services International v. Carey, supra* (social benefits of the action a factor in upward adjustment of lodestar amount); *Beazer v. New York City Transit Authority,* 558 F.2d 97 (2d Cir. 1977) (complexity or risk of loss on the legal issues and benefit to the clients important factors in bonus award).

Plaintiffs request a bonus of 50% of the lodestar amount. Particularly in view of the complexity of the litigation and the benefit to the class, I find such an award appropriate. *See Population Services International v. Carey, supra* (50% bonus awarded); *City of New York v. Darling-Delaware, supra* (bonus awards of 60% to 200% granted); *Blank v. Talley, supra* (50% bonus awarded).

Plaintiff is entitled to an award equal to the lodestar figure plus the bonus award, for a total of $118,968.

Submit judgment on notice within ten (10) days.

IT IS SO ORDERED.