Melvyn I. WEISS, Custodian for Gary Michael Weiss, U/NY/U.G.M.A., Plaintiff,

v.

TEMPORARY INVESTMENT FUND, INC., Provident Institutional Management Corporation, Shearson Loeb Rhoades Inc., Russell W. Richie, Robert I. Fortune, James Louis Robertson, Henry M. Watts, Jr., Dr. Ralph A. Young, Thomas S. Gates, G. Willing Pepper, Defendants.

Civ. A. No. 80–230.

United States District Court, D. Delaware.

Aug. 27, 1981.

Joseph A. Rosenthal, and Kevin Gross, Morris & Rosenthal, P.A., Wilmington, Del., for plaintiff; Daniel W. Krasner, and Rob-

ert Lewin, Wolf, Haldenstein, Adler, Freeman & Herz, New York City, of counsel.

Rodman Ward, Skadden, Arps, Slate, Meagher & Flom, Wilmington, Del., for defendant Temporary Investment Fund, Inc.

Robert K. Payson, Potter, Anderson & Corroon, Wilmington, Del., for defendant Provident Institutional Management Corp.; Peter M. Mattoon, Richard Z. Freemann, Jr., and John B. Langel, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., of counsel.

Charles F. Richards, Jr., Richards, Layton & Finger, Wilmington, Del., for defendant Shearson Loeb Rhoades Inc.; David L. Foster, Richard E. O'Connell, and James B. Eisenberg, Willkie Farr & Gallagher, New York City, of counsel.

S. Samuel Arsht, and William T. Allen, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants Richie, Fortune, Robertson, Watts, Jr., Young, Gates and Pepper; Morris R. Brooke, James M. Sweet, and James C. Ingram, Drinker Biddle & Reath, Philadelphia, Pa., of counsel.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

This is a shareholder's derivative action brought on behalf of a money market fund against the fund's investment adviser, its underwriter, and certain members of the fund's board of directors. In an Opinion and Order dated June 17, 1981, 516 F.Supp. 665, the Court dismissed the complaint for failure to satisfy the demand on directors requirement of Rule 23.1 of the Federal Rules of Civil Procedure. On June 26, 1981, plaintiff filed a motion for reargument, which presented three issues for reconsideration by the Court. The first point raised was a request that the Court grant plaintiff leave to make a demand on the directors of the fund and to then file an amended complaint if the demand were refused, while the second and third points sought to have the Court reconsider its determination that plaintiff had not alleged facts sufficient to demonstrate that demand on the fund's di-

rectors would have been futile. Because the Court concluded that the arguments raised relating to the futility of demand had been considered and disposed of in the Opinion of June 17, counsel were requested to submit memoranda of law limited to the question of whether plaintiff should be allowed to make a demand and file an amended complaint if that demand is refused. This Opinion will address that issue.

Plaintiff has pointed to a number of cases in which district courts have dismissed derivative complaints for failure to satisfy the demand requirement, but have, without elaboration, granted leave for the filing of an amended complaint should the plaintiff then make a demand and have it refused by the corporation's board. *See, e. g., Brody v. Chemical Bank*, 482 F.2d 1111, 1114 (2d Cir. 1973), *on remand*, 66 F.R.D. 87, 90 (S.D.N.Y. 1974); *Siegal v. Merrick*, 84 F.R.D. 106, 110 (S.D.N.Y.1979); *Markowitz v. Brody*, 90 F.R.D. 542, 563 (S.D.N.Y.1981). Notwithstanding the decisions in these cases, prior authority in this circuit persuades me that plaintiff's request for leave to file an amended complaint after an anticipated unsuccessful demand must be denied.

The two leading Third Circuit cases analyzing the demand requirement are *Cramer v. General Telephone and Electronics Corp.*, 582 F.2d 259 (3d Cir. 1978), *cert. denied*, 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 90 (1979), and *Shlensky v. Dorsey*, 574 F.2d 131 (3d Cir. 1978). In *Cramer* the court upheld the dismissal of a derivative complaint, holding that the plaintiff had not alleged facts showing that demand would have been futile at the time the action was filed. The court found insignificant that after the complaint was filed a Special Litigation Committee of the board of directors advised GTE's general counsel that the claims were meritless and should not be prosecuted on the company's behalf. The board's opposition to Cramer's suit was immaterial because "[t]he futility of making the demand required by Rule 23.1 must be gauged at the time the derivative action is com-

menced, not afterward with the benefit of hindsight." 582 F.2d at 276.[1] The court went on to state that unless a derivative "plaintiff's complaint alleges some facts tending to show why a demand would be futile, such a demand should be required, and the complaint should be dismissed," *id.* at 277 n.23, without suggesting that a plaintiff whose complaint does not satisfy Rule 23.1 should be given leave to make a belated demand and file an amended complaint if the demand is refused.

The suggested procedure of permitting an amended complaint to be filed if demand is now made and refused would seem to be foreclosed by the decision in *Shlensky v. Dorsey.* In *Shlensky* the court rejected plaintiffs' contention that the district court erred in refusing permission to amend or supplement the complaint to include reference to "demand letters" written by some of the plaintiffs to members of the board after the filing of their complaints. Rather, the court held that "[t]he contemplated showing of demand made upon the directors after the filing of the shareholders' derivative complaints could not have satisfied the demand requirement of the rule." 574 F.2d at 141. The court observed that such a belated demand would not have given the directors the opportunity to determine in the first instance whether and in what manner to take action. According to the court, "[t]o hold that demands to satisfy Rule 23.1 may be made on the directors after a derivative suit has been initiated would be to reduce the demand requirement of the rule to a meaningless formality." *Id.* at 142.

In this case plaintiff seeks the opportunity to make such a post-complaint demand. My reading of the above cases compels me to conclude that such a procedure would not meet the requirements of the Rule 23.1, as interpreted by the Third Circuit Court of Appeals. *Cramer* and *Shlensky* indicate that the law in this circuit is that a derivative suit which is flawed at its filing by reason of failure to comply with Rule 23.1 cannot go forward. The suit's pendency while intracorporate remedies are being exhausted would itself be contrary to the principle that the directors ordinarily have the responsibility of making the initial decision about whether to bring suit. Moreover, the function of a demand is not only to give the directors the opportunity to consider whether litigation is in the corporation's interests, but also to permit them to attempt to resolve the shareholder's grievance without litigation. It would be difficult for the Court to gauge in any particular case how much time should reasonably be allotted to these intracorporate measures. Thus I conclude that this action must be finally dismissed. To the extent that plaintiff may be prejudiced by the necessity of filing a new lawsuit should his demand efforts be unsatisfactory,[2] that prejudice is the price to be paid for failing to adhere to the requirements of Rule 23.1 in the first instance.

The motion for reargument will in all respects be denied.

---

1. To the extent that *Landy v. Federal Deposit Insurance Corp.*, 486 F.2d 139, 150–52 (3d Cir. 1973), *cert. denied,* 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974), may be read to permit a court to take into account post-complaint events when determining the futility of demand, *Cramer,* the later case, is controlling.

2. Plaintiff suggests in his Motion for Reargument (Doc. No. 68) that because of the one-year statute of limitations applicable to actions under section 36(b) of the Investment Company Act, 15 U.S.C. § 80a–35(b), many of the claims presented in the instant action would be time-barred in any subsequent suit.