Melvyn I. WEISS, Custodian of Gary Michael Weiss, U/NY/UGMA, Appellant,

v.

TEMPORARY INVESTMENT FUND, INC., Provident Institutional Management Corporation, Shearson Loeb Rhoades, Inc., Russell W. Richie, Robert R. Fortune, James Louis Robertson, Henry M. Watts, Jr., Dr. Ralph A. Young, Thomas S. Gates, G. Willing Pepper, Appellees.

No. 81–2688.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6)
March 1, 1984.

Decided March 28, 1984.

Joseph A. Rosenthal, Morris & Rosenthal, P.A., Wilmington, Del., Wolf, Haldenstein, Adler, Freeman & Herz, New York City, for appellant; Daniel W. Krasner, Jeffrey G. Smith, Wolf, Haldenstein, Adler, Freeman & Herz, New York City, of counsel.

Peter M. Mattoon, Richard Z. Freemann, Jr., Philadelphia, Pa., for appellee, Provident Institutional Management Corp.; Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., of counsel.

David L. Foster, Paula J. Mueller, New York City, for appellee, Shearson Loeb Rhoades, Inc.; Wilkie, Farr & Gallagher New York City, of counsel.

Morris R. Brooke, James M. Sweet, James C. Ingram, Philadelphia, Pa., for appellees, Russell W. Richie, Robert R. Fortune, James Louis Robertson, Henry M. Watts, Jr., Dr. Ralph A. Young, Thomas S. Gates, G. Willing Pepper; Drinker, Biddle & Reach, Philadelphia, Pa., of counsel.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

## OPINION SUR REMAND FROM U.S. SUPREME COURT

BECKER, Circuit Judge.

This appeal presents the question whether a shareholder of an investment company must make a demand on directors pursuant to Fed.R.Civ.P. 23.1 prior to commencing suit under section 36(b) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a–35(b) (1976), to challenge the company's contracts with its investment advisers.

The district court dismissed the action for failure to satisfy the demand requirement, *Weiss v. Temporary Investment Fund, Inc.*, 516 F.Supp. 665 (D.Del.1981), and denied the appellant leave to replead after making a demand, *Weiss v. Temporary Investment Fund, Inc.*, 520 F.Supp. 1098 (D.Del.1981). We affirmed (Judge Gibbons, dissenting), reasoning that, because the demand requirement contributed to corporate governance, Rule 23.1 should apply to section 36(b) suits, 692 F.2d 928 (3d Cir.1982).[1] Appellant thereupon petitioned the Supreme Court for a writ of certiorari. Meanwhile, the Second Circuit had, in *Fox v. Reich & Tang, Inc.*, 692 F.2d 250 (2d Cir.1982), held that the demand requirement of Rule 23.1 does not apply to actions under section 36(b). The Supreme Court granted certiorari in that case to resolve the circuit conflict.[2]

In an opinion filed January 18, 1984, *Daily Income Fund, Inc. v. Fox*, —— U.S. ——, 104 S.Ct. 831, 78 L.Ed.2d 645 (1984), the Supreme Court affirmed the judgment of the Second Circuit and thereby rejected our holding as to the necessity of demand. On January 25, 1984, the court granted the writ of certiorari in this case, vacated our prior mandate, and remanded the case to us for further consideration in light of the *Daily Income Fund* opinion. In view of the Supreme Court's ruling, the judgment of the district court must be reversed and the case remanded for further proceedings consistent with the Supreme Court's opinion. An appropriate mandate will be entered.

---

1. We also concluded that the circumstances alleged in the complaint did not warrant excusing such a demand as futile, and the district judge did not err in denying leave to replead.

2. Our decision was filed prior to the action on the certiorari petition. It was congruent with the earlier holding of the First Circuit in *Grossman v. Johnson*, 674 F.2d 115 (1st Cir.), *cert. denied*, 459 U.S. 838, 103 S.Ct. 85, 74 L.Ed.2d 80 (1982), so that there was a circuit conflict in any event.