Olympia BAFFINO, Plaintiff,

v.

Harold K. BRADFORD et al., Defendants.

Olympia BAFFINO, Plaintiff,

v.

INVESTORS DIVERSIFIED SERVICES, INC., et al., Defendants.

Nos. 3–72–Civ.–77, 3–72–Civ.–78.

United States District Court,
D. Minnesota,
Third Division.

Oct. 30, 1972.

Dorfman & Rudquist, Donald L. Rudquist, Minneapolis, Minn., and Ira Jay Sands, New York City, for plaintiff.

Thompson, Hessian, Fletcher, McKasy & Soderberg, John J. McKasy, Minneapolis, Minn., for defendants Investors

Variable Payment Fund, Inc., and Investors Mutual Inc.

Dorsey, Marquart, Windhorst, West & Halladay, Henry E. Halladay and James B. Vessey, Minneapolis, Minn., for defendants Investors Diversified Services, Inc. and IDS Securities Corp.

## MEMORANDUM AND ORDER

DEVITT, Chief Judge.

For consideration are Motions to dismiss these actions alleging violations of the Federal Securities laws by four corporate defendants: Investors Diversified Services, Inc. (IDS), IDS Securities Corporation (IDSS), Investors Mutual, Inc. (Mutual), and Investors Variable Payment Fund, Inc. (Variable); and numerous individual defendants who are directors or officers of one or more of the corporate defendants, but who have never been served.

Plaintiff's amended Complaints state four derivative causes of action on behalf of Mutual and Variable against IDS and IDSS, which essentially allege that IDS charged the Funds excessive fees for advisory services, that the services were inadequate, and that the Funds' directors failed to seek competitively lower fees through arms' length negotiations.

The four corporate defendants move to dismiss the Amended Complaints under Rules 12(b)(6), 12(c), 41(b) and 56, F.R.Civ.P., for plaintiff's failure to comply with the requirements of Rule 23.1, F.R.Civ.P. Defendants allege that the complaints fail because of plaintiff's failure to make demand upon, or to set forth with particularity legally sufficient reasons for her failure to make such demand upon, the directors and shareholders of the Funds to take the action against which the Complaints are directed.

Plaintiff admits that she has made no demand upon the directors of the two funds. She simply states in her Amended Complaints that "demand upon the Fund to bring this action would be futile because the Defendants [IDS and IDSS] control the Fund." (Para. 26 of the Variable and Para. 27 of the Mutual Amended Complaints.)

In relevant part Rule 23.1 provides:

"The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort."

■ Under this rule the Complaint must go beyond a mere allegation of "futility" to excuse demand upon the directors and shareholders. Lucking v. Delano, 117 F.2d 159, 160 (6th Cir. 1941). See Quirke v. St. Louis-San Francisco Ry. Co., 277 F.2d 705 (8th Cir. 1960), cert. denied 363 U.S. 845, 80 S.Ct. 1615, 4 L.Ed.2d 1728, reh. denied, 364 U.S. 855, 81 S.Ct. 35, 5 L.Ed.2d 80.

■ The parties have filed affidavits. I am satisfied from the showing made that most of the directors are independent of IDS and IDSS. All but two, or possibly three, of the directors are their own men, engaged in business or professional occupations with no connection to IDS and IDSS. A recital of the names and backgrounds of a few of them argue against their being puppets—Former Army Chief of Staff Mark W. Clark, Former Purdue University President Frederick L. Hovde, Former Carleton College President Lawrence M. Gould, and Minneapolis Industrialists Clifford H. Anderson and John C. Cornelius. Affidavits of officers of the Funds, Vice-President and General Counsel Robert Ersted and Secretary William C. Herber, represent that Directors of the Funds will give prompt, objective con-

sideration to the demand and engage independent, outside counsel to advise them. It appears from the affidavit of Secretary Herber that prompt action was taken on a claim by a potential plaintiff-shareholder in a proposed derivative action in 1965, as a result of which the proposed action was abandoned.

I conclude that IDS and IDSS do not control the Boards of Directors of the Funds and hence demand upon the Directors for that reason would not be futile. Plaintiff should be required to make the demand.

The Funds' Directors were not personally served in this action—apparently by agreement of counsel. It is not clear that the independent Directors know of and understand the claim of plaintiff. A demand on the Directors will tell them, and independent counsel may advise them as to their duty in the premises.

Nothing will be lost to the plaintiff by being required to make demand on the Directors—there is no Statute of Limitations problem—and much may be gained by relieving the Court of an unnecessary burden and affording the Funds an opportunity "to vindicate [their] own rights," a desirable result. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 548, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). A comprehensive and valuable discussion of the principles involved and a citation of pertinent cases is contained in the new Wright and Miller Federal Practice and Procedure: Civil § 1831.

It is premature to decide the need to make demand on the shareholders precedent to bringing action, but I am satisfied that plaintiff, in this case and on these facts, should be required to first make demand on the Funds' Directors. Absent action by the Directors, the plaintiff may renew her action.

Without prejudice, the motion of defendants is granted.