**PROFESSIONAL MANAGEMENT ASSOCIATES, INC., et al.,
Appellants,**

v.

**Lawrence M. COSS, Respondent,**

**Richard G. Evans, et al., Respondents,**

**and**

**Green Tree Financial Corporation, a Delaware Corporation, Defendant.**

**No. C5–97–1623.**

Court of Appeals of Minnesota.

March 3, 1998.

Review Denied April 14, 1998.

Karl L. Cambronne and Jeffrey D. Bores, Chestnut & Brooks, P.A., Vernon J. Vander Weide, Head, Seifert & Vander Weide, P.A., Minneapolis, Mark Reinhardt, Reinhardt & Anderson, St. Paul, Herbert E. Milstein and Lisa M. Mezzetti, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, D.C., Arthur T. Susman, Charles R. Watkins and Susan Shulman, Susman, Buehler & Watkins, C. Phillip Curley and Sara N. Love, Robinson, Curley & Clayton, Chicago, IL, for Professional Management Associates, Inc. Employees' Profit Sharing Plan, and Greenbaum & Assoc., Inc. Profit Sharing Plan & Trust.

Thomas L. Kimer, Faegre & Benson, LLP, Minneapolis, for respondent Lawrence M. Coss.

J. Patrick McDavitt, Briggs & Morgan, P.A., Minneapolis, for respondents Richard G. Evans, W. Max McGee, Robert S. Nickoloff and Robert D. Potts.

Peter S. Hendrixson, Dorsey & Whitney, LLP, Minneapolis, for defendant Green Tree Financial Corporation.

Considered and decided by RANDALL, P.J., TOUSSAINT, C.J., and HOLTAN,* J.

## OPINION

TOUSSAINT, Chief Judge.

Appellants Professional Management Associates, Inc., Employees Profit Sharing Plan, and Greenbaum & Associates, Inc., Profit Sharing Plan and Trust, filed a shareholder derivative action against the board of directors of Green Tree Financial Corporation (Green Tree) for alleged corporate waste involving a compensation agreement with Green Tree's chief executive office and chairman of the board, respondent Lawrence M. Coss. The district court dismissed the action because of appellants' failure to make a presuit demand on the board. On appeal, appellants challenge the district court's dismissal, alleging that the amended complaint raised a reasonable doubt so as to excuse pre-suit demand under Delaware law. We reverse the district court decision because the amended complaint raised a reasonable doubt that a majority of the board lacked independence, thus rendering a pre-suit demand futile.

## FACTS

This is a shareholder derivative action by appellants Professional Management Associates, Inc. (PMA), Employees Profit Sharing Plan, and Greenbaum & Associates, Inc. (Greenbaum), Profit Sharing Plan and Trust, against the board of directors of Green Tree for alleged corporate waste involving a compensation agreement with Green Tree's chief executive office and chairman of the board, respondent Coss. Appellants own 7,300 shares of Green Tree stock. Green Tree is a Delaware corporation with its headquarters in St. Paul, Minnesota. Coss founded Green Tree and has been Green Tree's chief executive officer since 1975 and chairman of the board of directors since 1987. The other members of Green Tree's board of directors are respondents Richard G. Evans, W. Max McGee, Robert S. Nickoloff, and Robert D. Potts. McGee and Nickoloff are outside di-

rectors. Evans and Potts are employee directors. Evans is executive vice president and Potts as president and chief operating officer.

The transaction underlying the lawsuit concerns a five-year employment agreement (the "1991 agreement") the board entered into with Coss on April 20, 1991. The 1991 agreement requires Coss to "devote substantially all of his business time and energy to the performance of his duties under this Agreement in a diligent and proper manner." It extends Coss's non-competition agreement with the company from January 1, 1992 through December 31, 1996. In return, the board agrees to pay Coss annually a base salary of $400,000, plus 2.5% of the company's pre-tax income after certain deductions and adjustment. The annual bonus shall be payable as follows:

(a) So long as the Company's Key Executive Stock Bonus Plan, authorizing the Company to issue to the Executive and others, in lieu of cash bonuses, shares of common stock of the Company, remains in effect, 50% in cash and 50% in common stock of the Company * * *; or

(b) In all other circumstances * * * 100% in cash.

The 1991 agreement also provides that the "provisions hereof may not be altered, amended, modified, waived or discharged in any way whatsoever except by subsequent written agreement executed by the parties."

The board adopted the key executive stock bonus plan (the "stock bonus plan") on December 14, 1987, for a ten-year term beginning in 1988. A compensation committee consisting of non-employee directors administers the plan. Only Green Tree employees specifically designated by the compensation committee are eligible to participate in the plan. The plan may be amended or revoked at any time by the board; however, "no such amendment shall have the effect of reducing any outstanding Annual Bonus * * * of any Participant without the consent of such Participant." On the date the 1991 agreement was approved, the directors were Coss, McGee, Nickoloff, Kenneth S. Roberts, Rich-

---

* Retired judge of the district court serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

ard Swanson, and John Price. At the time the action was commenced, Swanson, Price, and Roberts were no longer members of the board.

During the five-year period of the 1991 agreement, Green Tree experienced tremendous growth. Green Tree's market capitalization grew more than tenfold from $330 million to $3.6 billion. Green Tree shareholders benefited from a five-year cumulative return of over 2,000%. As a result of the unprecedented growth, Coss was paid $29 million in 1994, $65.5 million in 1995, and $102.5 million in 1996, pursuant to the 1991 agreement.

On January 23, 1997, appellants filed a shareholder derivative action against the current board members, alleging that the board committed corporate waste by approving the 1991 agreement and granting Coss stock bonuses in 1994, 1995 and 1996 pursuant to the agreement. Appellants filed the action without making a pre-suit demand on the board, claiming that it would be futile to make such a demand because (1) the majority of the current board members lacked independence or had a material interest in the 1991 agreement; or (2) the 1991 agreement was not the product of a valid exercise of business judgment. Additionally, appellants argue that respondents were not entitled to the protection of the business judgment rule because they exceeded their authority by approving the 1991 agreement and granting Coss bonuses pursuant to the agreement, in violation of Del.Code Ann. tit. 8, § 152 (1991) and Minn.Stat. § 302A.405 (1996). The district court dismissed the action without prejudice, holding that appellants should have made a pre-suit demand on the board before filing the lawsuit. This appeal followed.

### ISSUE

Did the district court err in dismissing appellants' amended complaint for failure to plead particularized facts sufficient to excuse pre-suit demand?

### ANALYSIS

Green Tree is a Delaware corporation, and the laws of Delaware apply. *See Potter v. Pohlad,* 560 N.W.2d 389, 391 (Minn.

App.1997) (applying Delaware law to establish fiduciary obligations of a Delaware corporations officers and directors), *review denied* (Minn. June 11, 1997). We review de novo the district court's formulation of the legal standard controlling respondents' motion to dismiss for failure to make a pre-suit demand. *Levine v. Smith,* 591 A.2d 194, 200 (Del.1991). Assuming no error in the formulation of the appropriate legal standard, we review the application of the correct legal standard for an abuse of discretion. *Id.* Moreover, upon a motion to dismiss, only well-pleaded allegations of fact must be accepted as true; conclusory allegations of fact or law not supported by allegations of specific fact may not be taken as true. *Grobow v. Perot,* 539 A.2d 180, 187 (Del.1988).

Under Delaware law, a pre-suit demand is excused if the particularized factual allegations in the complaint (including, where appropriate, the contents of documents referenced therein) create a reasonable doubt that (1) the directors were disinterested and independent; *or* that (2) the challenged transaction was otherwise the result of a valid exercise of business judgment. *Aronson v. Lewis,* 473 A.2d 805 (Del.1984). The district court erred in stating that both prongs of the *Aronson* test must be satisfied before a pre-suit demand is excused.

Where the facts alleged, if proven, would demonstrate that a majority of the directors who would have received the demand letter are "interested" in the challenged transaction or "lack independence" because of domination by an interested party, pre-suit demand will be excused. *Levine,* 591 A.2d at 205. To establish lack of independence, allegations of control must be coupled with "such facts as would demonstrate that through personal or other relationships, the directors are beholden to the controlling person." *Aronson,* 473 A.2d at 815.

Appellants allege that at the time the demand would have been made, the Green Tree board consisted of five directors; only two of whom were non-employee directors (McGee and Nickoloff). The other three directors (Coss, Evans, and Potts) were employee directors incapable of acting indepen-

dently. Appellants maintain that Coss, as chief executive officer and chairman of the board, was in a position to exert considerable influence over Evans and Potts.

To support their argument, appellants cite *Rales v. Blasband*, where the Delaware Supreme Court concluded that the defendant directors' ability to affect the continued employment and remuneration of other directors as corporate officers raised a reasonable doubt that those directors could act independently. 634 A.2d 927, 937 (Del.1993). The supreme court noted that the defendant directors served as chairman of the board and chief executive officer, respectively, and that even though one of the director/officer's continued employment and remuneration did not hinge solely on his relations with the defendant directors, the official authority of the defendant directors placed them in a position to exert considerable influence over the director/officer. *Id.*

Here, the board alone has the authority to elect and remove officers and determine the officers' compensation. The bonus component of the officers' compensation is determined by the compensation committee on the basis of Coss's recommendation. In making his recommendation, Coss considers the written performance evaluations of the supervisors of participating key employees. The compensation committee analyzes the recommendations in light of a number of factors relating to both company and individual performance. When examined in light of *Rales*, the record demonstrates that even though Evans's and Potts's employment and compensation do not hinge *solely* on their relationship with Coss, Coss as chief executive officer and chairman of the board is in a position to exert considerable influence over Evans and Potts. Therefore, we conclude that the majority of the board lacked independence and could not have impartially considered a pre-suit demand. The shareholders' complaint alleged particularized facts sufficient to create a reasonable doubt that the directors were disinterested and independent. Because appellants are only required to satisfy one prong of the *Aronson* test, we find it unnecessary to address the remaining arguments raised by appellants.

## DECISION

Under the *Aronson* standards, we are satisfied that pre-suit demand was excused because Evans and Potts could presumptively not act independently due to the influence Coss exerts over their employment and compensation. Therefore, we reverse the district court's dismissal for appellants' failure to make a pre-suit demand and remand the case to the district court for further proceedings. In so deciding, we did not consider certain materials in appellants' brief and appendix because they are not part of the record. *See Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 583 (Minn.1977) ("[a]n appellate court may not base its decision on matters outside the record on appeal, and * * * matters not produced and received in evidence below may not be considered.")

**Reversed and remanded.**