## PROFESSIONAL MANAGEMENT ASSOCIATES, INC., et al., Appellants,

v.

### Lawrence M. COSS, Respondent,

### Richard G. Evans, et al., Respondents,

### Green Tree Financial Corporation, a Delaware Corporation, Respondent.

#### No. C1–99–246.

Court of Appeals of Minnesota.

Aug. 10, 1999.

Karl L. Cambronne, Becky L. Erickson, Chestnut & Cambronne, P.A., Minneapolis; and Mark Reinhardt, Gary Ansel, Reinhardt & Anderson, St. Paul; and Vernon J. VanderWeide, Head, Seifert & Vander-Weide, Minneapolis, Herbert L. Milstein, Lisa M. Mezzetti, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, D.C., Arthur T. Susman, Charles R. Watkins, Susman & Watkins, C. Philip Curley, Robinson, Curley & Clayton, Lowell E. Sachnoff, Gary S. Caplan, Sachnoff & Weaver, Ltd., Chicago, Il, for appellants.

Thomas L. Kimer, Jeffrey D. Hedlund, Kara L. Benson, Wendy Wildung, Faegre & Benson, Minneapolis, for respondent Coss.

J. Patrick McDavitt, Robert E. Woods, Briggs & Morgan, P.A., Minneapolis, for respondents Evans, et al.

Peter S. Hendrixson, Andre T.M. Hanson, Dorsey & Whitney, LLP, Minneapolis, for respondent Green Tree Financial Corporation.

Considered and decided by DAVIES, Presiding Judge, RANDALL, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

RANDALL, Judge.

Appellants challenge the district court's dismissal of their shareholders' derivative action for failure to state a claim on which relief could be granted. Appellants assert that the district court: (a) abused its discretion and erred as a matter of law in concluding that appellants were required to make a pre-suit demand on respondent corporation before serving a second

amended complaint; (b) erred by disregarding the law of the case and dismissing the entire complaint; (c) erred by failing to address whether appellants established reasonable doubt that the challenged actions resulted from a valid exercise of business judgment; (d) erred in determining that appellants no longer have standing to. continue this suit because they are no longer shareholders of respondent corporation; and (e) erred in concluding that demand should be made on the board directors of the corporation that ·purchased respondent corporation.[1] We reverse and remand.

## FACTS

Appellants are two employee benefit plans based in Illinois. In January 1997, appellants commenced this shareholders' derivative action against respondent Green Tree Financial Corporation (Green Tree) and respondents Lawrence M. Coss, Richard G. Evans, W. Max McGee, Robert S. Nickoloff, and Robert D. Potts (the directors). The suit was dismissed by the district court in June 1997 after the district court determined that appellants were required to make a pre-suit demand on Green Tree's board of directors. Appellants appealed, and this court reversed and remanded after concluding that making a pre-suit demand would have been futile because appellants demonstrated that there was reasonable doubt that a majority of the board lacked independence. *Professional Management Assocs. v. Coss*, 574 N.W.2d 107, 109 (1998), *review denied* (Minn. Apr. 14, 1998).

While the initial action was pending in this court, appellants served respondents with a new complaint in January 1998. This action was never filed. After our court filed its decision on March 3, 1998, and the supreme court denied review on April 14, 1998, appellants dropped their separate suit and amended the initial action to include the allegations made in the

January complaint by filing a "Second Amended Consolidated Verified Complaint" (the second amended complaint).

Respondents then moved to dismiss the second amended complaint. Respondent directors asserted that appellants were required to make a pre-suit demand on the Green Tree directors because the board's membership was significantly different from what it was when appellants filed their initial complaint and because appellants had presented new claims in the second amended complaint that were not presented in the initial complaint. Respondent Green Tree also moved to dismiss for failure to make a pre-suit demand but requested that the district court stay all proceedings until after completion of a pending merger with Conseco, Inc.

Effective June 30, 1998, Green Tree entered into a merger agreement with Conseco, Inc. Pursuant to the agreement, Green Tree became a wholly owned subsidiary of Conseco, and Green Tree's shareholders' stock was exchanged for Conseco stock. After the merger, respondents amended their motions to dismiss and asserted that appellants' action should be dismissed because appellants were no longer shareholders of Green Tree. Respondents argued that now appellants no longer had standing to bring a derivative action on behalf of Green Tree. Alternatively, respondents asked for a dismissal because appellants did not make a demand on the Green Tree board before filing the second amended complaint.

The district court dismissed the second amended complaint in a December 23, 1998, order, after concluding that appellants were required to make a demand on the Green Tree board before filing the second amended complaint. The district court also concluded that because of the merger with Conseco in June 1998, appellants must now make a demand on Conseco's board. The court stated in its memorandum that the pre-suit demand on Green

---

1. We do not separately address appellants' argument that the district court's findings of fact were clearly erroneous because we ad-

dress the factual findings within the other issues raised by appellant.

Tree's board was necessary because the board's composition had changed, the company had merged with Conseco, and the second amended complaint made allegations that were not included in the original complaint. Appellants now appeal from the judgment entered on the district court's order.

## ISSUES

1. Were appellants required to make a demand on the Green Tree board before filing the second amended complaint?

2. Did appellants have standing to continue this suit after Green Tree and Conseco merged and appellants exchanged their Green Tree stock for Conseco stock?

3. Did Conseco's merger with Green Tree necessitate that demand be made on Conseco's board of directors?

## ANALYSIS

In reviewing a dismissal under Minn. R. Civ. P. 12.02(e) for failure to state a claim on which relief can be granted, an appellate court considers only whether the complaint presents a legally sufficient claim for relief. *Elzie v. Commissioner of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980).

[U]nder this rule a pleading will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded.

*Id.* (quoting *Northern States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963)).

## I.

The parties agree that Delaware law applies to the issue of whether appellants were required to make a pre-suit demand on the board of directors before filing the second amended complaint.

■ "We review de novo the district court's formulation of the legal standard controlling respondents' motion to dismiss for failure to make a pre-suit demand." *Professional Management Assocs. v. Coss*, 574 N.W.2d 107, 110 (Minn.App.1998) (*Coss I*) (citing *Levine v. Smith*, 591 A.2d 194, 200 (Del.1991)), *review denied* (Minn.

Apr. 14, 1998). The district court's application of this legal standard is reviewed for an abuse of discretion. *Id.* (citing *Levine*, 591 A.2d at 200). A decision on a motion to dismiss based on demand excused or refused " 'involves essentially a discretionary ruling on a predominantly factual issue.' " *Levine*, 591 A.2d at 200–01 (quoting *Grobow v. Perot*, 539 A.2d 180, 186 (Del.1988)).

■ Appellants argue that the district court abused its discretion and erred as a matter of law by concluding that because the board's composition changed and new allegations were raised, appellants should have made a demand on Green Tree before filing the second amended complaint in May 1998.

■ Before filing a derivative action, shareholders must either make a pre-suit demand on the board of directors or demonstrate that such demand is excused because it would be futile. *Rales v. Blasband* 634 A.2d 927, 932 (Del.1993). Delaware appellate courts have not decided whether the filing of an amended complaint after a change in the composition of the corporation's board of directors requires a new demand. A decision from the Delaware Chancery Court is persuasive, however. In *Harris v. Carter*, 582 A.2d 222, 231 (Del.Ch.1990), the chancery court held that the change in control of a board of directors does not require a demand on the new board or require alleging facts that would excuse demand at that time, provided no new claims are asserted in the amended complaint. *But see Brody v. Chemical Bank*, 517 F.2d 932, 934 (2d Cir.1975) (applying federal law and holding shareholders required to make demand on newly constituted board before filing second amended complaint). The *Harris* court stated:

[A]n amendment or supplement to a complaint that elaborates upon facts relating to acts or transactions alleged in the original pleading, or asserts new legal theories of recovery based upon the

acts or transactions that formed the substance of the original pleading, would not, * * * constitute a matter that would require a derivative plaintiff to bring any part of an amended or supplemental complaint to the board prior to filing.

*Harris*, 582 A.2d at 231.

Appellants assert that the district court failed to consider the prior service of the January 1998 complaint. They insist that when the January complaint was served, a majority of the directors lacked independence and a pre-suit demand was excused. Therefore, appellants assert, they did not need to make a demand on the board or demonstrate that demand would be futile. Appellants also note that all the parties consented to the filing of the second amended complaint. Appellants point out that had respondents not consented, appellants would have filed the January 1998 complaint separately rather than dismissing it and consolidating the claims into the second amended complaint.

The parties do not dispute that demand was excused for the initial complaint and first amended complaint. *See Coss I*, 574 N.W.2d at 110–11 (concluding majority of board lacked independence when complaint filed in 1997 because only two of five directors were non-employees). There is also no dispute that appellants served a new complaint and initiated a separate action in January 1998. *See* Minn. R. Civ. P. 3.01(a) (stating civil actions commenced when summons served on defendant); *Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn.1983) ("[M]atters of procedure and remedies [are] governed by the law of the forum state." (citations omitted)). The number of board members in January 1998 is not entirely clear from the record, but it appears that the board consisted of either five directors (three employees and two non-employees) or four directors (two employees and two non-employees). Thus, the board continued to lack independence when the January complaint was served. The record indicates that on approximately

April 2, 1998, two new outside directors were appointed to the board. According to the record, the board then consisted of four outside directors and two inside (employee) directors.

The district court made no mention of the January complaint anywhere in its decision dismissing the second amended complaint. The district court erred in failing to consider the January complaint because consideration of this complaint is essential to determining whether the claims raised in appellants' second amended complaint were already in litigation.

Appellants argue that the second amended complaint, which was filed in May 1998 after the board was newly composed, did not contain any claims that were not already asserted either in the first amended complaint or in the separate January 1998 action. They also claim that the second amended complaint only expands on the facts underlying the previous complaints or alleges events that occurred after the January 1998 complaint but does not affect or enlarge the underlying claims.

In comparing the complaints, each of the counts stated in the second amended complaint was contained in either the first amended complaint or in the January complaint. Although not every specific issue raised within these counts was previously raised, the new language is only an expansion of the claims already raised. Thus, the district court erred in dismissing appellant's action after concluding that a new demand was required. *See Harris*, 582 A.2d at 231 (stating amended complaint that only expands on facts or adds new legal theories that are related to acts alleged in original pleading does not require new demand).

Because we conclude that appellants were not required to make a new demand when they filed the second amended complaint, we need not address appellants' assertions that (a) the district court erred in dismissing the entire complaint and (b) demand was excused because Green Tree's

board allegedly failed to validly exercise its business judgment.

## II.

When the facts are undisputed, standing "is a legal issue that this court may determine." *Joel v. Wellman*, 551 N.W.2d 729, 730 (Minn.App.1996) (citations omitted), *review denied* (Minn. Oct. 29, 1996).

Appellants assert that because Conseco is an Indiana firm, Indiana law applies to this case. They insist that pursuant to Indiana law, they have standing to pursue their derivative claim on behalf of Green Tree.[2]

Conseco has not been joined as a party in this dispute. Appellants assert no reason for their attempt to apply Indiana law other than Conseco's incorporation in that state. We will apply Delaware law because Green Tree continues to be a Delaware corporation. *See Coss I*, 574 N.W.2d at 110 (applying Delaware law after recognizing. Green Tree is Delaware corporation).

The leading Delaware case addressing this issue is *Lewis v. Anderson*, 477 A.2d 1040 (Del.1984). In *Lewis*, plaintiff filed a shareholder's derivative action on behalf of Conoco, Inc. (Old Conoco). *Id.* at 1042. After he commenced the action, Old Conoco was merged into Du Pont Holdings, Inc., a wholly owned subsidiary of E.I. Du Pont de Nemours and Company (Du Pont). *Id.* Du Pont Holdings was renamed Conoco, Inc. (New Conoco) after the merger. *Id.* Old Conoco shareholders received common stock of Du Pont in exchange for their Old Conoco shares, and Du Pont

became New Conoco's sole shareholder. *Id.* Following the merger, defendants moved to dismiss the shareholder's derivative action based in part on their assertion that plaintiff no longer had standing. *Id.* at 1043. The chancery court agreed with defendants and dismissed. *Id.*

In affirming, the Delaware Supreme Court held, "A plaintiff who ceases to be a shareholder, whether by reason of a merger or for any other reason, loses standing to continue a derivative suit." *Id.* at 1049; *see also Parnes v. Bally Entertainment Corp.*, 722 A.2d 1243, 1245 (Del.1999) (repeating *Lewis* holding and stating "stockholder must maintain his or her status as a stockholder in order to continue the litigation"). *Lewis* noted that the only exceptions to this rule are where (a) "the merger itself is the subject of a claim of fraud" and (b) "the merger is in reality a reorganization which does not affect plaintiff's ownership of the business enterprise." *Lewis*, 477 A.2d at 1046 n. 10 (citations omitted). The court also recognized "that plaintiff's derivative claim against the individual defendants of Old Conoco was a property right of Old Conoco" and that this derivative claim was now vested in New Conoco. *Id.* at 1044 (citation omitted).

Appellants assert that this case is different from *Lewis*. They point out here that Green Tree retained its corporate existence and appellants retained an interest in Green Tree as they are shareholders of Conseco, and Conseco is Green Tree's sole shareholder. Appellants note correctly, and so do we, the wording of the merger agreement.[3] It states, unequivocally, that the shareholders of Green Tree

---

2. Appellants question whether the district court ruled on appellants' standing to maintain this suit. Although the district court did not make a specific ruling on the issue, and only alluded to appellants' lack of standing in the memorandum attached to its order, "[s]tanding may be raised at any time." *Cochrane v. Tudor Oaks Condominium Project*, 529 N.W.2d 429, 433 (Minn.App.1995), *review denied* (May 31, 1995). Thus, this court may properly address this issue.

3. The merger agreement states:

> As a result of the Merger, the shareholders of Green Tree will become shareholders of Conseco, *and thereby will continue to have an interest in Green Tree through Conseco.*

(Emphasis added.)

have a continued interest in Green Tree as Conseco shareholders. In support of their argument that they have not lost standing, appellants cite *Blasband v. Rales*, 971 F.2d 1034 (3d Cir.1992), a Third Circuit case applying Delaware law in a shareholder's derivative action.

In *Blasband*, Easco Hand Tools merged with Danaher Corporation, and Easco shareholders received Danaher stock in exchange for their Easco stock. *Id.* at 1038. Easco became a wholly owned subsidiary of Danaher. *Id.* After the merger, a former Easco shareholder brought a derivative action on behalf of Danaher, claiming that the directors of Easco violated their fiduciary duties by investing in junk bonds. *Id.* at 1039. The district court dismissed the action because plaintiff failed to establish that demand on the Danaher board was excused and because plaintiff lacked standing. *Id.* The circuit court remanded the case to permit plaintiff to amend his complaint to assert facts establishing that demand would have been futile. *Id.* at 1055. The Third Circuit also determined that plaintiff had standing. *Id.* at 1046. The court likened the case to a double derivative action, wherein suit is brought on behalf of a parent corporation "to enforce a cause of action in favor of a related corporation (*e.g.* its subsidiary)." *Id.* at 1042–43. The court went on to conclude:

> For purposes of standing, there is simply no principled distinction between a derivative action brought by a shareholder of a parent corporation on behalf of its subsidiary following a merger to redress wrongs done to the subsidiary prior to the merger where the plaintiff continuously has held a financial interest in the subsidiary directly, and then after the merger indirectly, and a conventional double derivative action outside the merger context.

*Id.* at 1044.

The facts in *Blasband* are similar to our facts. There is one distinction: Plaintiffs in *Blasband* brought their action on behalf of the parent corporation, after the merger. In this case, suit was commenced before the merger and Conseco has not been joined as a party. Because, similar to *Blasband*, appellants have standing to pursue their claims in a double derivative action brought on behalf of Conseco, we direct the district court on remand to permit appellants to amend their complaint to reflect appellants' current status as Conseco shareholders. *Cf. id.* at 1055 (remanding to district court and granting plaintiff leave to amend complaint and add subsidiary as party).

## III.

Appellants argue that despite the fact that Green Tree is now a wholly owned subsidiary of Conseco, the district court erred in concluding that appellants were required to make a demand on Conseco's board. Appellants assert that because no new claims were raised in the second amended complaint, and demand was therefore excused, the merger with Conseco does not require a demand on Conseco. *See Harris*, 582 A.2d at 231 (stating change in board control does not require demand on new board, provided no new claims are asserted).

We conclude that Green Tree's merger with Conseco was more than a mere change in the board. Instead, the merger resulted in appellants becoming Conseco shareholders and Conseco becoming the sole shareholder of Green Tree. Although we reverse the dismissal of appellant's action and direct the district court on remand to permit appellants to amend their complaint to add Conseco as a party, we conclude that appellants must make a demand on Conseco or demonstrate that such demand is excused. *See Blasband*, 971 F.2d at 1050 ("In general, to bring a double derivative suit, [a] plaintiff shareholder must make a demand twice, once of the subsidiary company and once of the holding company." (quotation and citation omitted)).

## DECISION

The district court erred in concluding that appellants were required to make a demand on Green Tree's board of directors before filing their second amended complaint.

Appellants have standing to maintain this action. Appellants must amend their complaint to reflect the fact that this is now a double derivative action. Appellants must bring a demand on Conseco's board or demonstrate that demand is excused.

**Reversed and remanded.**

G. BARRY ANDERSON, Judge (dissenting)

I respectfully dissent. As the majority concludes, Delaware law applies to the issue of standing of appellants to pursue their derivative claim on behalf of Green Tree.

The majority correctly recognizes the leading role of *Lewis v. Anderson*, 477 A.2d 1040 (Del.1984). I disagree with the majority, however, that appellants' claims are preserved as a result of the ruling of the Third Circuit in *Blasband v. Rales*, 971 F.2d 1034 (3d Cir.1992).

As respondent points out, unlike the situation in *Blasband*, appellants here have tried to maintain a derivative suit on behalf of a corporation in which they hold no stock and *Blasband* is thus irrelevant. This case is squarely controlled by *Lewis*:

> A plaintiff who ceases to be a shareholder, whether by reason of a merger or for any other reason, loses standing to continue a derivative suit.

*Id.* at 1049. A Delaware chancery court has correctly criticized *Blasband*, holding that the principles in *Lewis* remain the law of the State of Delaware. *In re First Interstate Bancorp Cons. Shareholder Litigation*, 729 A.2d 851 (Del.Ch.Ct.1998).

I would affirm the district court's dismissal of the complaint in this matter because appellants no longer have standing to continue this suit because they are no longer shareholders of respondent corporation. I believe this result is compelled by the principles enunciated by the Delaware Supreme Court and, in the absence of any declaration to the contrary by the Delaware Supreme Court, it is our obligation to follow existing Delaware law.