**In re XCEL ENERGY, INC., Securities, Derivative & "ERISA" Litigation.**

**No. CIV. 02–2677(DSD/FLN).
MDL No. 1511.**

United States District Court,
D. Minnesota.

July 12, 2004.

█

Guri Ademi, Not Admitted, George E. Barrett, Barrett Johnston & Parsley, Nashville, TN, Garrett D. Blanchfield, Jr, Reinhardt, Wendorf & Blanchfield, St Paul, MN, Jeffrey D. Bores, Chestnut & Cambronne, Mpls, MN, Carole A. Broderick, Not Admitted, Karl L. Cambronne, Chestnut & Cambronne, Mpls, MN, Jack L. Chestnut, Chestnut & Cambronne, Mpls, MN, Martin D. Chitwood, Chitwood & Harley, Atlanta, GA, John Alexander Cochrane, Cochrane & Bresnahan, St Paul, MN, Glen M. Connor, Whatley Drake, Birmingham, AL, Nadeem Faruqi, Not Admitted, Christine M. Fox, Kaplan Fox & Kilsheimer, New York, NY, Frederic S. Fox, Kaplan Fox & Kilsheimer, New York, NY, Carol V. Gilden, Much, Shelist, Freed, Denenberg, Ament & Rubenstein, Chicago, IL, Daniel E. Gustafson, Gustafson, Gluek PLLC, Mpls, MN, Samuel D. Heins, Heins, Mills & Olson, Mpls, MN, Douglas S. Johnston, Jr., Barrett, Johnston & Parsley, Nashville, TN, Ellen M. Kelman, Bruaer, Buescher, Goldhammer, Kelman & Dodge, Denver, CO, William S. Lerach, Lerach, Coughlin, Stoia & Robbins—SD, San Diego, CA, Timothy L. Miles, Barrett, Johnston & Parsley, Nashville, TN, Stacey L. Mills, Heins, Mills & Olson, Mpls, MN, Phyllis M. Parker, Not Admitted, Brian J. Robbins, Robbins Umeda & Fink, San Diego, CA, Darren J. Robbins, Lerach, Coughlin, Stoia & Robbins—SD, San Diego, CA, Robert M. Roseman, Spector, Roseman & Kodroff, Philadelphia, PA, Samuel H. Rudman, Geller, Rudman PLLC, Melville, NY, Sherrie R. Savett, Berger & Mon-

tague, Philadelphia, PA, Jay P. Saltzman, Schoengold & Sporn, New York, NY, Stephen G. Schulman, Milberg, Weiss, Bershad, Hynes & Lerach, New York, NY, James Edward Smith, Gilbert & Sackman, Los Angeles, CA, Eugene A. Spector, Spector, Roseman & Kodroff, Philadelphia, PA, James G. Stranch, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN, Jane B. Stranch, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN, Joel B. Strauss, Kaplan, Fox & Kilsheimer, New York, NY, Marc A. Topaz, Schiffrin & Barroway, Bala Cynwyd, PA, Joe R. Whatley, Jr., Whatley, Drake, Birmingham, AL, Alfred G. Yates, Jr., Yates Law Office, Pittsburgh, PA, Darren J. Check, Schiffrin & Barroway, Bala Cynwyd, PA, for Plaintiffs.

Randall K. Pulliam, Cauley, Geller, Bowman & Coates, Little Rock, AR, J. Gordon Rudd, Jr., Zimmerman, Reed, Mpls, MN, Peter E. Seidman, Not Admitted, Vernon Jay Vander Weide, Head, Seifert & Vander Weide, Mpls, MN, Patrick F. Morris, Morris & Morris LLC, Wilmington, DE, Bruce G. Murphy, Murphy Law Offices, Vero Beach, FL, Ashley Kim, Not Admitted, Christopher Lometti, Not Admitted, Harvey H. Eckart, Eckart & Leonetti PA, St. Paul, MN, Carolyn Glass Anderson, Zimmerman Reed, Mpls, MN, Andrew L. Barroway, Schiffrin & Barroway, Bala Cynwyd, PA, Stuart Berman, Schiffrin & Barroway, Bala Cynwyd, PA, Steven E. Cauley, Cauley Geller Bowman & Coates, Little Rock, AR, Steven G. Schulman, Not Admitted, for movants.

Timothy Robert Thornton, Briggs & Morgan, Mpls, MN, Richard Gregory Wilson, Maslon, Edelman, Borman & Brand, Mpls, MN, Rachna B. Sullivan, Rider, Bennett LLP, Minneapolis, MN, Edward J. Sebold, Not Admitted, Geoffrey J. Ritts, Jones Day—Cleveland, Cleveland, OH, Joshua M. Ryland, Jones Day, Cleveland, OH, Erika M. Van Ausdall, John M. Newman, Jr, Jones Day—Cleveland, Cleveland, OH, Elizabeth R. Imhoff, Brownstein, Hyatt & Farber, Denver, CO, Geoffrey M. Johnson, Jones Day, Cleveland, OH, Michael Charles Krikava, Briggs & Morgan, Mpls, MN, Andrew Luger, Greene Espel, Mpls, MN, Eric John Magnuson, Rider, Bennett, Mpls, MN, William J. Otteson, Greene Espel, Mpls, MN, Stephen D. Gurr, Elzi, Pringle & Gurr, Denver, CO, Lisa Hogan, Brownstein, Hyatt & Farber, Denver, CO, James L. Altman, Xcel Energy, Mpls, MN, Thomas J. Basting, Jr, Briggs & Morgan, Mpls, MN, for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court upon the motions of defendants Wayne H. Brunetti, Douglas W. Leatherdale, C. Coney Burgess, A. Barry Hirschfield, Margaret R. Preska, Allan L. Schuman, W. Thomas Stephens, Giannantonio Ferrari, Albert F. Moreno, A. Patricia Sampson, Rodney E. Slifer, James J. Howard, David A. Christensen, Roger R. Hemminghaus, Edward J. McIntyre, David E. Ripka and Xcel Energy, Inc. ("Xcel"), to dismiss plaintiff Edith Gottlieb's amended shareholder derivative complaint.[1] For the reasons stated, defendants' motions are granted.

## BACKGROUND

The factual background in this multi-district litigation is set forth fully in the court's pretrial order No. 1 (Order of Nov. 13, 2002) and its MDL order No. 2 (Order of Sept. 30, 2003). In brief, this action is one of several that arose after Xcel stock suffered a precipitous decline in value and the corporation cut its usual annual dividend to shareholders by fifty-percent. Those events followed Xcel's public disclosure of certain cross default provisions in its credit facilities. The cross default provisions tied Xcel's financial fortunes closely to those of its troubled and debt-laden subsidiary, NRG, Inc. ("NRG"). The decline in share value was also preceded by Xcel's announcement that another of its subsidiaries had engaged in questionable energy trading and accounting practices known as "round trip trades."

The sudden drop in Xcel stock value gave rise to a number of lawsuits. This shareholder derivative action was consolidated with approximately thirteen securities fraud

---

1. Xcel is the nominal defendant in this share-holder derivative action.

actions that were also filed in this district. (Pretrial Order No. 1, Nov. 13, 2002.) Two ERISA-related lawsuits filed in the District of Colorado were later transferred to this court by the Judicial Panel on Multi-district Litigation.

In this case, plaintiff alleges that defendants, all past or present directors of Xcel, breached their fiduciary duties by failing to act in the face of mismanagement and corporate wrongdoing by the corporation and its subsidiaries. Plaintiff claims that Xcel and its shareholders suffered damages as a result of defendants' breaches of duty.

Defendants now move to dismiss the amended complaint on the ground that plaintiff failed to demand corrective action by the board prior to filing suit or to show that a demand would have been futile.

## DISCUSSION

■ Under both Minnesota and federal law, shareholders are generally required to seek remedial efforts from a corporation's board of directors before filing a derivative action on its behalf. *See Kamen v. Kemper Fin. Svcs., Inc.*, 500 U.S. 90, 101, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991); *Winter v. Farmers Educ. & Co-op. Union of Am.*, 259 Minn. 257, 107 N.W.2d 226, 233–34 (1961); *see also* Fed.R.Civ.P. 23.1 (requiring that complaint allege prior demand for corrective action). However, the demand requirement is excused when the plaintiff-shareholder alleges particular facts showing that a demand would have been futile. *See Winter*, 107 N.W.2d at 233 (citing *Grudnosky v. Bislow*, 251 Minn. 496, 88 N.W.2d 847 (1958)); *see also* Fed.R.Civ.P. 23.1 (requiring particularized reasons for failure to make demand). Plaintiff did not demand board action before she filed this lawsuit. Defendants claim that

plaintiff's suit should be dismissed because she failed to state with sufficient particularity facts showing that a pre-suit demand would have been futile.

■ The determination of demand futility is a mixed question of law and fact left to the discretion of the district court. *Prof'l Mgmt. Assocs., Inc. v. Coss*, 598 N.W.2d 406, 410 (Minn.Ct.App.1999). Shareholder derivative actions are relatively rare in Minnesota. *See Janssen v. Best & Flanagan*, 662 N.W.2d 876, 882 (Minn.2003). Thus, Minnesota courts often look to the decisions of Delaware courts for guidance in this area.[2] Delaware has developed two approaches to claims of demand futility. The parties dispute which of the two should be applied in this case.

■ The first approach was set forth in *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984). Under *Aronson*, pre-suit demand is excused when a reasonable doubt exists as to whether, at the time the suit was filed, a majority of the directors were disinterested in the matter and able to act independently. *See id.* at 814. The demand requirement is also excused if it is doubtful that the transaction objected to in the lawsuit resulted from the directors' proper exercise of business judgment.[3] *See id.* at 814. To satisfy either prong of the *Aronson* analysis, however, the complaint must set forth, with particularity, facts showing that a demand would have been futile. *See id.* at 814; *see also* Fed. R.Civ.P. 23.1 (requiring that the complaint plead particularized facts justifying plaintiff's failure to make a pre-suit demand); Minn R. Civ. P. 23.6 (same).

■ The second analysis evolved from the court's recognition that the business judgment rule applies only to cases of affirmative board action. *See Rales v. Blasband*, 634

---

**2.** *See, e.g., PJ Acquisition Corp. v. Skoglund*, 453 N.W.2d 1, 7 (Minn.1990) (citing *Schreiber v. Bryan*, 396 A.2d 512 (Del.Ch.1978)); *Wessin v. Archives Corp.*, 581 N.W.2d 380, 384–85 (Minn. Ct.App.1998) (citing *Kramer v. W. Pac. Indus.*, 546 A.2d 348, 351 (Del.1988)); *Lansky v. NWA, Inc.*, 471 N.W.2d 713, 714 (Minn.Ct.App.1991) (citing *Tandycrafts, Inc. v. Initio Partners, Inc.*, 562 A.2d 1162 (Del.1989)).

**3.** Courts are "reluctant to interfere in the inner workings of a corporation." *Westgor v. Grimm*,

318 N.W.2d 56, 58 (Minn.1982). As result, there is a "presumption that in making a business decision, the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the corporation." *Aronson*, 473 A.2d at 812 (internal citations omitted). That presumption is referred to as the "business judgment rule." *Id.* at 812. In Minnesota, the business judgment rule is codified at Minn.Stat. § 302A.251.

A.2d 927, 933 (Del.1993). "Where there is no conscious decision by directors to act or refrain from acting, the business judgment rule has no application." *Id.* at 933 (citing *Aronson*, 473 A.2d at 813). Thus, where directors' inaction is not the product of a conscious decision, the demand futility analysis considers only whether a majority of the directors had a disqualifying interest in the matter or were otherwise unable to act independently. *Id.* at 933–34.

Plaintiff argues that *Aronson's* application of the business judgment rule is appropriate in this case because some of the defendants acted affirmatively in making misstatements in SEC filings and press releases. (Pl.'s Mem. Opp'n Mot. Dismiss at 8.) Plaintiff further asserts that members of the finance and audit committees knew or should have known about the cross collateral provisions and that the SEC filings and public statements were misleading. (Am.Compl.¶¶ 17–45.) Plaintiff additionally contends that defendants "consciously failed" to investigate Xcel's financial ties to NRG, in spite of its known liquidity problems and the highly public collapse of Enron. (*Id.* ¶¶ 17–26, 61–69.) Defendants respond that the amended complaint fails to cite any concerted board decision and that the more limited *Rales* analysis is appropriate.

■ Based on the allegations in the amended complaint, the court agrees with defendants that *Rales,* rather than *Aronson,* applies in this case. The amended complaint alleges that defendants breached their fiduciary duty to the company and are personally liable to it for resulting losses. It recites in detail facts concerning Xcel's financial ties to its subsidiary, NRG. (Am.Compl.¶¶ 27–51.) It also details the involvement of another of Xcel's subsidiaries in round trip energy trading. (*Id.* ¶¶ 52–60.) The amended complaint quotes public statements and SEC filings made by Xcel officers that have since been described as false or misleading. (*Id.* ¶¶ 38–39, 44–45, 47, 54–58.) It likewise recites various statements made concerning Xcel's usual $1.50 per share annual dividend. (*Id.* ¶¶ 70–75.) It identifies certain defendants as

members of the finance committee and others as members of the audit committee. (*Id.* ¶¶ 17–26.) It alleges that those defendants had a heightened duty to monitor the corporation's activities and to investigate the facts underlying its public statements. (*Id.* ¶¶ 14–24.) The amended complaint repeats such phrases as, "knew or should have known," "knew or acquiesced in," "authorized, acquiesced and/or failed to..." and "[had] actual knowledge of or consciously disregarded." These broad, generalized and conditional statements, however, do not constitute facts pleaded with particularity. *See In re Kauffman Mut. Fund Actions,* 479 F.2d 257, 263 (1st Cir.1973) (general and conclusory assertions are not sufficiently particular to excuse demand requirement); *see also Baffino v. Bradford,* 57 F.R.D. 79, 80 (D.Minn.1972) (complaint must assert more than conclusory allegations of futility). Missing from the amended complaint are any particularized facts that link a majority of the directors to any concerted board action.[4] The lack of such facts indicates that analysis under *Aronson* is inappropriate. *See Rales,* 634 A.2d at 933–34.

Under the *Rales* analysis, the absence of a pre-suit demand is excused only if a majority of the directors had a personal interest in the disputed conduct or were unable to exercise independent judgment for some other reason. *See id.* at 933–34. Thus, plaintiff's assertion that the board's failure to act was not a valid exercise of business judgment is eliminated. (Pl.'s Mem. Opp'n Mot. Dismiss at 19.) Plaintiff fails to present particularized facts showing that a majority of the directors had a personal interest in Xcel's relationship with NRG, the round trip trading practices, the allegedly false or misleading statements or the company's dividend. Nor does plaintiff provide particularized facts showing that a majority of the directors were unable to act independently for any other reason. The amended complaint alleges poor judgment and false or misleading statements by Xcel management. That, however, is not enough. The critical question is whether plaintiff has shown that the board was some-

---

4. Plaintiff does allege that defendants Brunetti and McIntyre made specific public statements, ostensibly in their roles as officers of the corporation. (Am.Compl.¶ 46.)

how so conflicted that it could not have properly responded to a demand that it address the allegations of mismanagement and wrongdoing. Because plaintiff has not made that showing, her failure to make a pre-suit demand cannot be excused. *See Rales*, 634 A.2d at 933–34. Dismissal is therefore appropriate.[5]

## CONCLUSION

Based on the files, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendants' motions to dismiss [Docket Nos. 38 & 39 in 02–2931; Docket Nos. 88 & 89 in 02–2677] are granted.

2. The action is dismissed with prejudice.

3. A copy of this order shall be docketed in 03–md–1511.

---

**5.** The court notes that the amended complaint fails to satisfy even the minimal requirements of the rules. *See* Fed.R.Civ.P. 23.1; Minn. R. Civ. P. 23.06. The federal rule states that "the Complaint shall allege with particularity ... the reasons for not making the [demand] effort." Fed.